PER CURIAM.
The State of Florida appeals the trial court’s order sentencing Lavoderick K. Reid to thirty-five years incarceration, asserting that because he qualified as a Prison Releasee Reoffender, (“PRR”), pursuant to section 775.082(9), Florida Statutes (2001), a sentence of life imprisonment is mandatory.
A jury found Reid guilty of robbery with a firearm and attempted robbery with a firearm. The jury also specifically found that he did not carry a firearm during the robbery and attempted robbery. The seemingly inconsistent verdicts can only be explained by what must have been a successful defense strategy to label Reid as a principal in the first degree who was not actually at the commission of the offense. The robbery was accomplished by a sole gunman whose identity was obscured by articles of clothing.
Reid defends the trial court’s sentence of thirty-five years in the Department of Corrections by directing us to the definition of a PRR as a “defendant who commits or attempts to commit ... robbery.” Reid argues that because the jury instructions allowed his conviction either as the sole robber who stood before the victims or as a principal who was not viewed by the victims, the PRR statute is not applicable to him if he was a principal who did not actually commit or attempt to commit the crime.
Reid’s argument is not persuasive. Section 777.011, Florida Statutes, eliminates the distinctions between those who are actually or constructively present at the commission of the offense. One who “aids, abets, counsels, hires or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree” as is the one who actually carries out the plan of the crime. No distinction is made between those who are the brains of the crime and those who are the arms of the crime. § 777.011, Fla. Stat.
It is difficult to adopt Reid’s premise that one cannot be charged and convicted of a crime unless one physically commits the crime. Here, the jury found him guilty of a crime and to do so must have found that he committed the crime of robbery. The intent of the PRR is to enhance the criminal penalties of those who are repeat offenders of certain crimes, and Reid has qualified.
We vacate the sentence of thirty-five years in the Department of Corrections and remand for resentencing in accordance with the requirements of the PRR.
REVERSED AND REMANDED.
SAWAYA, C.J., SHARP, W., and PETERSON, JJ., concur.